EXHIBIT 10

## MINUTES OF A MEETING OF
## THE BOARD OF TRUSTEES AND DIRECTORS
## OF THE NEW YORK BOARD OPPENHEIMER FUNDS
## HELD ON NOVEMBER 12, 2009

A Regular Meeting ("Meeting") of the Boards of Trustees and Directors designated the New York Board (the "Board") of each of the Oppenheimer Funds listed on Schedule A attached hereto (the "New York Board Funds" or "Funds") was held at the offices of Oppenheimer Funds, Inc. ("OFI"), Two World Financial Center, 225 Liberty Street, New York, New York, pursuant to written notice thereof, at 8:30 a.m. on November 12, 2009. The following Board members were present:

> Brian F. Wruble (Chairman of the Board)
> David Downes
> 'Matthew P. Fink
> Philip A. Griffiths
> Mary F. Miller
> Joel W. Motley
> John V. Murphy
> Russell S. Reynolds, Jr.
> Mary Ann Tynan
> Joseph M. Wikler
> Peter I. Wold.

Also present by invitation were: Robert G. Zack, Esq., Secretary of the Funds and Executive Vice President and General Counsel of OFI; Mark Vandehey, Vice President and Chief Compliance Officer of the Funds and Senior Vice President and Chief Compliance Officer of OFI; Brian W. Wixted, Treasurer of the Funds and Senior Vice President of OFI; William F. Glavin, Jr., Chief Executive Officer of OFI; Darren Walsh, Executive Vice President of OFI and President of OppenheimerFunds Services ("OFS"); Geoff Craddock, Senior Vice President of OFI; Thomas W. Keffer, Vice

("OFS"); Geoff Craddock, Senior Vice President of OFI; Thomas W. Keffer, Vice President of the Funds and Senior Vice President of OFI; Michael Keogh, Vice President of OFI; Kathleen T. Ives, Esq., Assistant Secretary of the Funds and Senior Vice President and Deputy General Counsel of OFI; Amee Kantesaria, Esq., Vice President and Assistant Counsel of OFI; and Ronald M. Feiman, Esq. and Jacqueline Edwards, Esq. of the law firm of Kramer Levin Naftalis & Frankel LLP ("Counsel"), counsel to the Funds and their trustees and directors (the "Independent Board Members") who are not interested persons of the Funds (as defined in Section 2(a)(19) of the Investment Company Act of 1940 ("1940 Act")). Mr. Wruble served as Chairman of the meeting, Mr. Zack acted as Secretary and Counsel recorded the minutes.

[REDACTED]

2

**Pages 3-31 are Redacted**

[REDACTED]

28.   Milberg LLP Demand Letters

Ms. Tynan, who had been designated by the Board as a special committee (the "Special Litigation Committee") to review demands made by Milberg LLP ("Milberg") in letters dated January 8, 2009 purportedly on behalf of the respective shareholders of Oppenheimer Gold & Special Minerals Fund and Oppenheimer Small- & Mid-Cap Fund, a portfolio of Oppenheimer Quest for Value Funds, reported on the work of the Special Litigation Committee and its recommendations.  Milberg's letters demanded that each Board immediately (i) cause the Funds to cease funding and permitting the payment of ongoing not-transactional asset-based compensation to broker-dealers in connection with Fund shares held in brokerage accounts in the United States and (ii) take all necessary and reasonable steps to restore to the Funds all past payments of such asset-

32

based compensation. Ms. Tynan explained that pursuant to the written distribution plans adopted by each Fund, the Fund pays for distribution-related services from its assets, including payments of asset-based compensation. She stated that in the fiscal years ending June 30, 2008 and October 31, 2007, Oppenheimer Gold & Special Minerals Fund paid $3.4 million and Oppenheimer Small- & Mid-Cap Fund paid $7.2 million in ongoing asset-based compensation, respectively. The demand letter also complained of asset-based payments made to broker-dealers by OFI or OFDI.

Ms. Tynan stated that each demand letter asserted that the payment of ongoing non-transactional asset-based compensation to broker-dealers in connection with brokerage accounts is unlawful under the logic of a D.C. Court of Appeals Case decided on March 30, 2007. She explained that the decision in *Financial Planning Association v. SEC ("Financial Planning")* overturned an SEC rule that expanded the exemption from registration under the Investment Advisers Act of 1940 ("Advisers Act") for broker-dealers that offered advice related to its services as a broker-dealer and that received no special compensation for the investment advice provided. The potential plaintiffs alleged that the Funds should not pay asset-based compensation, such as payments under Rule 12b-1 plans, to broker-dealers that were not registered under the Advisers Act, because it was "special compensation" not permitted under the narrowed exemption. Furthermore, such payments caused waste and injury to the Funds and the Boards acted with malfeasance or failed to properly exercise adequate oversight in approving such unlawful compensation.

Ms. Tynan reviewed and discussed the memorandum prepared by Schulte Roth & Zabel LLP ("Schulte") dated November 7, 2009 as counsel to the Special

Litigation Committee.  Ms. Tynan stated that the Schulte memorandum:  (i) addresses the legal context of the payment of asset-based compensation to broker-dealers under federal securities laws and the D.C. Circuit's decision in *Financial Planning*; (ii) addresses the methods by which the Funds compensate broker-dealers for distributing the Funds' shares and servicing investor accounts; (iii) analyzes this payment structure in light of the decision in *Financial Planning*; and (iv) analyzes the legal arguments presented in the complaint filed by Milberg in *Smith vs. Franklin/Templeton Distributors, Inc.* on October 6, 2009, which contains allegations similar to those raised in the demand letters.  She said that the memorandum concluded that there is no viable claim arising from the distribution and service payments made by the Funds in light of *Financial Planning* because the Court's actual decision related to the administrative powers and procedures of the SEC, not matters of interpretation of existing securities laws such as the 1940 Act.  She also said that the memorandum noted that the Court made no substantive comment about the SEC's prior practice with respect to Rule 12b-1 fees or practices in the industry, including the legality or validity of such practices.

Ms. Tynan stated that Schulte did a very thorough job in reviewing all of the issues related to this matter and that the memorandum prepared by Schulte was reviewed and considered by the Special Litigation Committee.  She said that the Special Litigation Committee recommends that the Funds not take the actions recommended in the demand letters and that the Secretary of each Fund be authorized to respond to Milberg of that determination.

After further discussion and upon motion duly made, seconded and unanimously carried, the Board of Oppenheimer Gold & Special Minerals Fund adopted

34

the resolutions set forth on **Rider W-1** and the Board of Oppenheimer Quest for Value Fund, on behalf of Oppenheimer Small- & Mid-Cap Fund, adopted the resolutions set forth on **Rider W-2**.

Ms. Tynan stated that the Special Litigation Committee had fulfilled its responsibility in overseeing the Board's response to the demand letters received from Milberg and she recommended that the Board dissolve the Special Litigation Committee effective immediately.

After further discussion and upon motion duly made, seconded and unanimously carried, the Boards of Oppenheimer Gold & Special Minerals Fund and Oppenheimer Quest for Value Funds, on behalf of Oppenheimer Small- & Mid-Cap Fund, adopted the resolution set forth on **Rider X**.

[REDACTED]

**Pages 36-38 are Redacted**

[REDACTED]

Thereupon, there being no further business to come before the meeting, it

was, upon motion duly made, seconded and unanimously carried, adjourned.

Robert G. Zack
Secretary

39

## SCHEDULE A

Bond Fund Series, on behalf of
- Oppenheimer Convertible Securities Fund
OFI Tremont Core Strategies Hedge Fund
Oppenheimer Absolute Return Fund
Oppenheimer AMT-Free Municipals
Oppenheimer AMT-Free New York Municipals
Oppenheimer Balanced Fund
Oppenheimer Baring China Fund
Oppenheimer Baring Japan Fund
Oppenheimer Baring SMA International Fund
Oppenheimer California Municipal Fund
Oppenheimer Capital Appreciation Fund
Oppenheimer Developing Markets Fund
Oppenheimer Discovery Fund
Oppenheimer Dividend Growth Fund
Oppenheimer Emerging Growth Fund
Oppenheimer Equity Income Fund, Inc.
Oppenheimer Global Fund
Oppenheimer Global Opportunities Fund
Oppenheimer Global Value Fund
Oppenheimer Gold & Special Minerals Fund
Oppenheimer Institutional Money Market Fund
Oppenheimer International Diversified Fund
Oppenheimer International Growth Fund
Oppenheimer International Small Company Fund
Oppenheimer International Value Trust, on behalf of
- Oppenheimer International Value Fund
Oppenheimer Limited Term California Municipal Fund
Oppenheimer MidCap Fund
Oppenheimer Money Market Fund, Inc.
Oppenheimer Multi-State Municipal Trust, on behalf of
- Oppenheimer Rochester National Municipals
- Oppenheimer New Jersey Municipal Fund
- Oppenheimer Pennsylvania Municipal Fund
Oppenheimer Portfolio Series, on behalf of
- Active Allocation Fund
- Equity Investor Fund
- Conservative Investor Fund
- Moderate Investor Fund
Oppenheimer Quest for Value Funds, on behalf of
- Oppenheimer Quest Opportunity Value Fund
- Oppenheimer Small- & Mid-Cap Value Fund
- Oppenheimer Quest Balanced Fund
Oppenheimer Quest International Value Fund, Inc.
Oppenheimer Real Estate Fund

Oppenheimer Rising Dividends Fund, Inc.
Oppenheimer Rochester Arizona Municipal Fund
Oppenheimer Rochester Maryland Municipal Fund
Oppenheimer Rochester Massachusetts Municipal Fund
Oppenheimer Rochester Michigan Municipal Fund
Oppenheimer Rochester Minnesota Municipal Fund
Oppenheimer Rochester North Carolina Municipal Fund
Oppenheimer Rochester Ohio Municipal Fund
Oppenheimer Rochester Virginia Municipal Fund
Oppenheimer Select Value Fund
Oppenheimer Series Fund, Inc., on behalf of
    - Oppenheimer Value Fund
Oppenheimer SMA Core Bond Fund
Oppenheimer SMA International Bond Fund
Oppenheimer Transition 2010 Fund
Oppenheimer Transition 2015 Fund
Oppenheimer Transition 2020 Fund
Oppenheimer Transition 2030 Fund
Oppenheimer Transition 2040 Fund
Oppenheimer Transition 2050 Fund
Oppenheimer U.S. Government Trust
Rochester Fund Municipals
Rochester Portfolio Series, on behalf of
    - Limited Term New York Municipal Fund

41

**Pages 42-78 are Redacted**

## RIDER W-1

The Board of the Oppenheimer Gold & Special Minerals Fund adopted the following resolutions:

*WHEREAS:* on or about January 8, 2009, Milberg LLP sent a letter to the Board on behalf of a shareholder of the Fund demanding that the Board: "Cause the [Fund] to cease funding or permitting payments of Asset-Based Compensation to broker-dealers in connection with shares of the [Fund] held in brokerage accounts in the United States, and terminate or reform all distribution plans and distribution agreements by which the [Fund] funds or permits such unlawful payments" and "Take all reasonable and necessary steps, including litigation, to restore to the [Fund] all payments of Asset-Based Compensation to broker-dealers in connection with shares of the [Funds] held in brokerage accounts in the United States, including but not limited to obtaining recovery from present and former Trustees of the [Fund] and/or [Oppenheimer Funds Distributor, Inc.]" (the "Milberg Letter");

*WHEREAS:* the Board formed a Special Litigation Committee (the "Committee") to investigate the allegations raised in the Milberg Letter and appointed Mary Ann Tynan, a Trustee of the Fund, as the sole member of the Committee;

*WHEREAS:* the Committee retained Schulte Roth & Zabel LLP ("SRZ") to represent and advise the Committee in its investigation and review of the matters set forth in the Milberg Letter;

*WHEREAS:* Milberg LLP filed a complaint against, among others, Franklin/Templeton Distributors, Inc., in the United States District court for the Northern District of California San Francisco Division, captioned *Smith v. Franklin/Templeton Distributors, Inc.*, Index No. 09-cv-4775, which contains allegations similar to those raised in the Milberg Letter; and

*WHEREAS:* SRZ provided its report to the Committee, which report was presented to the Board by Ms. Tynan and discussed and considered by the Board at this Meeting; therefore be it:

*RESOLVED:* that based on the SRZ report and the recommendation of the Committee, the Board, including each Independent Board Member, in the exercise of its business

79

judgment and in light of its fiduciary duties under state and federal law, has concluded not to take the actions recommended to it in the Milberg Letter; and be it further

*RESOLVED:* that the Secretary of the Fund be, and hereby is, authorized and directed to prepare, with the advice of legal counsel, and to send a response to Milberg LLP informing Milberg LLP of the determination of the Board with respect to the Milberg Letter.

## RIDER W-2

The Board of the Oppenheimer Quest for Value Funds (the "Trust"), on behalf of its series, Oppenheimer Small- & Mid-Cap Value Fund adopted the following resolutions:

> *WHEREAS:* on or about January 8, 2009, Milberg LLP sent a letter to the Board on behalf of a shareholder of the Fund demanding that the Board: "Cause the [Fund] to cease funding or permitting payments of Asset-Based Compensation to broker-dealers in connection with shares of the [Fund] held in brokerage accounts in the United States, and terminate or reform all, distribution plans and distribution agreements by which the [Fund] funds or permits such unlawful payments" and "Take all reasonable and necessary steps, including litigation, to restore to the [Fund] all payments of Asset-Based Compensation to broker-dealers in connection with shares of the [Funds] held in brokerage accounts in the United States, including but not limited to obtaining recovery from present and former Trustees of the [Fund] and/or [Oppenheimer Funds Distributor, Inc.]" (the "Milberg Letter");
>
> *WHEREAS:* the Board formed a Special Litigation Committee (the "Committee") to investigate the allegations raised in the Milberg Letter and appointed Mary Ann Tynan, a Trustee of the Trust, as the sole member of the Committee; and
>
> *WHEREAS:* the Committee retained Schulte Roth & Zabel LLP ("SRZ") to represent and advise the Committee in its investigation and review of the matters set forth in the Milberg Letter;
>
> *WHEREAS:* Milberg LLP filed a complaint against, among others, Franklin/Templeton Distributors, Inc., in the United States District court for the Northern District of California San Francisco Division, captioned *Smith v. Franklin/Templeton Distributors, Inc.*, Index No. 09-cv-4775, which contains allegations similar to those raised in the Milberg Letter;
>
> *WHEREAS:* SRZ provided its report to the Committee, which report was presented to the Board by Ms. Tynan and discussed and considered by the Board at this Meeting; therefore be it:
>
> *RESOLVED:* that based on the SRZ report and the recommendation of the Committee, the Board, including each Independent Board Member, in the exercise of its business

judgment and in light of its fiduciary duties under state and federal law, has concluded not to take the actions recommended to it in the Milberg Letter; and be it further

**RESOLVED:** that the Secretary of the Trust be, and hereby is, authorized and directed to prepare, with the advice of legal counsel, and to send a response to Milberg LLP informing Milberg LLP of the determination of the Board with respect to the Milberg Letter.

## RIDER X

The Board of each of the following Funds:

Oppenheimer Gold & Special Minerals Fund
Oppenheimer Quest for Value Funds, on behalf of
Oppenheimer Small- & Mid-Cap Value Fund

adopted the following resolution:

**RESOLVED:** that the Special Litigation Committee be and hereby is dissolved.

**Pages 84-88 are Redacted**