UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

BRADLEY C. SMITH, derivatively on behalf of
OPPENHEIMER QUEST FOR VALUE FUNDS,

        Plaintiff,

v.

OPPENHEIMERFUNDS DISTRIBUTOR, INC.,
MATTHEW P. FINK,
PHILLIP A. GRIFFITHS,
MARY F. MILLER,
JOEL W. MOTLEY,
MARY ANN TYNAN,
JOSEPH M. WIKLER,
PETER I. WOLD,
BRIAN F. WRUBLE,
DAVID K. DOWNES,
RUSSELL S. REYNOLDS, JR.,
WILLIAM F. GLAVIN,
THOMAS W. COURTNEY,
LACY B. HERRMANN, and
JOHN V. MURPHY,

        Defendants,

OPPENHEIMER QUEST FOR VALUE FUNDS,

        Nominal Defendant.

-------------------------------------------------------------- x

10 Civ. 7387 (LBS)

ECF Case
Electronically Filed

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants OppenheimerFunds Distributor, Inc. ("OFDI"), William F. Glavin, and John

V. Murphy respectfully request that the Court consider the October 22, 2010 decision in *Smith v.*

*Franklin/Templeton Distributors, Inc., et al.*, No. 4:09-cv-04775-PJH (N.D. Cal), Dkt. No. 54

(copy attached as Exh. A hereto), as supplemental authority in support of their motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.

By way of brief procedural background, this action and the substantively-identical *Gold* action were transferred to this Court from the District of Colorado, pursuant to 28 U.S.C. Sec. 1404(a), by Order dated September 23, 2010. *See* Dkt. No. 49. Prior to transfer, Defendants had filed motions to dismiss both Complaints for failure to state a claim (in addition to other grounds); the briefing on the motions was completed prior to transfer. *See* Dkt. Nos. 29, 41-42, 44.

As set forth in Defendants' motion to dismiss papers, the theory of Plaintiff's Complaints is that a mutual fund's general distributor and the fund's board of trustees necessarily violate both SEC Rule 38a-1 and Section 36(a) of the Investment Company Act of 1940 (the "ICA") by paying certain asset-based compensation related to the distribution of mutual fund shares, known generally as "Rule 12b-1 fees," to any broker-dealers that have not registered as investment advisers under the Investment Advisers Act of 1940 (the "IAA"). According to Plaintiff, this violation gives rise to a federal claim for "contract voiding" under Section 47(b) of the ICA, as well as assorted state common law claims for monetary relief. Pursuant to his federal claim, Plaintiff is seeking to void any agreement pursuant to which the Oppenheimer Quest for Value Funds and/or OFDI pay Rule 12b-1 fees to broker-dealers that are not registered as investment advisers.

As further set forth in Defendants' motions to dismiss, Plaintiff here, represented by the same outside counsel (Milberg LLP), commenced an almost identical derivative action on behalf

of Franklin Custodian Funds against Franklin/Templeton Distributors, Inc. and trustees of the

mutual fund, asserting the same causes of action that he asserts here based upon factual

assertions that are virtually indistinguishable from those contained in the Complaints now before

this Court: *Smith v. Franklin/Templeton Distributors, Inc., et al.*, No. 4:09-cv-04775-PJH

(N.D.Cal.). *See Quest* Mot. at 16-17 (Dkt. No. 29).  On June 8, 2010, the district court judge in

that action, the Honorable Phyllis Hamilton, granted defendants' motion to dismiss for many of

the same reasons advanced by Defendants' pending motions here.  Specifically, the

*Franklin/Templeton* Court held that (i) Section 47(b) provides a remedy only where a plaintiff

has properly alleged a violation of some other section of the ICA which itself provides for a

private right of action, and (ii) Plaintiff had failed to allege a predicate violation of the ICA

because, *inter alia*, neither ICA Section 36(a) nor SEC Rule 38a-1 provides a private right of

action or requires a mutual fund, its trustees, or its general distributor to ensure that broker-

dealers comply with their IAA registration requirements. *See id.*

Plaintiff thereafter filed an amended complaint in that action, re-asserting his Section

47(b) claim, in an attempt to remedy the defects identified by the Court. *See Smith v.*

*Franklin/Templeton Distributors, Inc., et al.*, No. 4:09-cv-04775-PJH at Dkt. No. 45.  On

October 22, 2010, the Court found that this attempt fell far short and granted defendants' motion

to dismiss Plaintiff's amended complaint with prejudice.  In particular, Judge Hamilton

reaffirmed that the theory advanced there – the same asserted here – did not plead a violation of

ICA Section 47(b) because, *inter alia*, neither Section 36(a) nor Rule 38a-1 provides either an

express or implied private right of action pursuant to which Plaintiff could even allege a violation

- 3 -

of Section 47(b).  *See* Exh. A. hereto at pp. 3-5.  The Court also concluded that Section 36(a)

does not "create a federal fiduciary duty or regulate the improper use of Trust assets" and that

Rule 38a-1 does not require a fund, its trustees, or its general distributor to ensure that

unaffiliated broker-dealers are in compliance with their own IAA registration requirements.  *Id.*

We submit that Judge Hamilton's well-reasoned *Franklin/Templeton* decision dismissing

– for a second time, and now with prejudice – a Section 47(b) claim brought by the same

Plaintiff/counsel that is effectively indistinguishable from the Section 47(b) claim now before

this Court in *Quest* provides yet another basis for this Court to dismiss that claim.

Dated: New York, New York
      November 2, 2010

DECHERT LLP

By: */s/ William K. Dodds*
William K. Dodds
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212.698.3557
william.dodds@dechert.com

David A. Kotler
Jennie B. Krasner
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey  08540
Telephone:  609.955.3200
david.kotler@dechert.com
jennie.krasner@dechert.com

***Attorneys for Defendants OppenheimerFunds
Distributor, Inc., William F. Glavin, and John V.
Murphy***

# EXHIBIT A

United States District Court
For the Northern District of California

1
2
3
4                             UNITED STATES DISTRICT COURT
5                            NORTHERN DISTRICT OF CALIFORNIA
6
7
8    BRADLEY C. SMITH,
9              Plaintiff,                      No. C 09-4775 PJH
10       v.                                    **ORDER GRANTING MOTION
                                               TO DISMISS**
11   FRANKLIN/TEMPLETON
     DISTRIBUTORS, INC., et al.,
12
             Defendants.
13   _____/

14       Before the court is defendants' motion to dismiss the first amended complaint

15   ("FAC") in the above-entitled action, for failure to state a claim.  Having read the parties'

16   papers and carefully considered their arguments and the relevant legal authority, and good

17   cause appearing, the court hereby GRANTS the motion as follows.

18       This is a shareholder derivative suit, brought by plaintiff Bradley C. Smith,

19   derivatively on behalf of nominal defendant Franklin Custodian Funds, a Delaware

20   Statutory Trust ("the Trust").  Defendants are Franklin/Templeton Distributors, Inc. ("FTD")

21   and ten members of the board of trustees of the Trust.  Plaintiff filed the present action on

22   October 6, 2009, alleging four causes of action – violation of § 47(b) of the Investment

23   Company Act ("ICA"), 15 U.S.C. § 80a-46(b), against FTD; breach of contract, against

24   FTD; breach of fiduciary duty against the trustee defendants; and waste of trust assets,

25   against the trustee defendants.

26       The background of the case is as set forth in the June 8, 2010 order granting the

27   defendants' motion to dismiss the original complaint.  In that order, the court found that

28   there was no private right of action under the sole federal claim – the claim under § 47(b) –

United States District Court
For the Northern District of California

1  except to the extent that it provides a remedy for a violation of "any provision of [the ICA] or

2  of any rule, regulation, or order thereunder."[1]  The court directed plaintiff that in order to

3  state a claim under § 47(b), he must plead facts sufficient to show such a violation.

4      ICA § 47(b) provides, in relevant part:

5      (1) A contract that is made, or whose performance involves, a violation of this
       subchapter, or of any rule, regulation, or order thereunder, is unenforceable
6      by either party . . . unless a court finds that under the circumstances
       enforcement would produce a more equitable result than nonenforcement and
7      would not be inconsistent with the purposes of this subchapter.

8      (2) To the extent that a contract described in paragraph (1) has been
       performed, a court may not deny rescission at the instance of any party
9      unless such court finds that the denial of rescission would produce a more
       equitable result than its grant . . . .

10

11  15 U.S.C. § 80a-46(b)(1), (2).  The reference to "subchapter" throughout the statute is a

12  reference to the ICA (15 U.S.C. §§ 80a-1 to 80a-64).

13      In the first cause of action in the FAC, plaintiff asserts a claim for "contract voiding"

14  pursuant to ICA § 47(b).  Plaintiff alleges that "due to the violation of core provisions of the

15  ICA, Section 36(a) and Rule 38a-1, described herein, that require proper and lawful use of

16  Trust assets, the Trust seeks to have its own contractual obligations deemed to be void by

17  reason of Section 47(b), in an action maintained upon Section 47(b)."  Plaintiff asserts that

18  _____

19  [1]  Plaintiff argues at some length that there is an implied independent private right of
     action under ICA § 47(b), based on the Supreme Court's 1979 ruling in Transamerica
20   Mortgage Advisors, Inc. v. Lewis ("TAMA"), 444 U.S. 11, 18 (1979), which construed § 215 of
     the Investment Advisers Act ("IAA"), 15 U.S.C. § 80b-15, to permit an action for rescission and
21   restitution when a contract is contrary to a statue or regulation, while at the same time finding
     no implied right of action for damages under the predicate statute alleged to have been
22   violated.  This court previously considered this argument in connection with the motion to
     dismiss the original complaint, but concluded that the ruling regarding IAA § 215 has no
23   applicability to the present case, in view of the fact that the statutory scheme at issue here is
     the ICA, and not the IAA, and the fact that no federal appellate court has ruled that there is a
24   private right of action under ICA § 47(b) based on the reasoning in TAMA.  Accordingly, the
     court did not find it necessary to address this question in the June 8, 2010 order.

25      Moreover, in August 2010, the Ninth Circuit considered whether there is a private right
26   of action under ICA § 13(a), and found that apart from the limited provisions of the ICA that
     expressly provide for a private right of action, there is no evidence in the ICA's statutory
27   scheme that Congress intended to allow private enforcement of the ICA.  See Northstar Fin.
     Advisors, Inc. v. Schwab Investments, 615 F.3d 1106, 1115-18 (9th Cir. 2010).  The Ninth
     Circuit also noted that following the Supreme Court's 2001 decision in Alexander v. Sandoval,
28   532 U.S. 275 (2001), "the modern trend has been for federal courts to deny the existence of
     implied private rights of action under the ICA."  Northstar, 615 F.3d at 1122.

1  the Trust "seeks a declaration that the contractual obligation to make payments of Trust

2  assets in the form of asset-based compensation to broker-dealers holding Trust shares in

3  brokerage account [sic] violates the Trustees' duties under Section 36(a) of the ICA and

4  Rule 38a-1 to avoid improper use of Trust assets."  FAC ¶ 101.

5       Defendants argue that the § 47(b) claim must be dismissed for failure to state a

6  claim.  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

7  alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

8  Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

9  Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for

10 failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

11 requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the

12 complaint include a "short and plain statement of the claim showing that the pleader is

13 entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement

14 need only give the defendant "fair notice of the claim and the grounds upon which it rests."

15 Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

16 555 (2007)).

17      All allegations of material fact are taken as true.  Id. at 94.  However, a plaintiff's

18 obligation to provide the grounds of his entitlement to relief "requires more than labels and

19 conclusions, and a formulaic recitation of the elements of a cause of action will not do."

20 Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the

21 complaint "must be enough to raise a right to relief above the speculative level."  Id.  A

22 motion to dismiss should be granted if the complaint does not proffer enough facts to state

23 a claim for relief that is plausible on its face.  See id. at 558-59. "[W]here the well-pleaded

24 facts do not permit the court to infer more than the mere possibility of misconduct, the

25 complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"

26 Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009).

27      The court finds that defendants' motion must be granted because the FAC fails to

28 allege facts sufficient to show a "predicate" violation of either ICA § 36(a) or SEC Rule

3

**United States District Court**
For the Northern District of California

1   38a-1.  ICA § 36(a) authorizes the SEC to bring a civil action alleging that a person acting

2   as an officer, director, member of an advisory board, investment advisor, or depositor, or

3   (with certain limitations) as a principal underwriter, has engaged or is about to engage "in

4   any act or practice constituting a breach of fiduciary duty involving personal misconduct in

5   respect of any registered investment company for which such person so serves or acts."

6   15 U.S.C. § 80a-35.

7        ICA § 36(a) does not provide either an express or an implied private right of action,

8   and does not, as plaintiff claims, either "create" a federal fiduciary duty or "regulate" the

9   "improper use of Trust assets."  Nor does it provide a right of action for a claim for breach

10   of fiduciary duty or improper use of Trust assets.  Rather, it simply authorizes the SEC to

11   file a civil action against certain "persons" for breach of fiduciary duty.  Given that reading

12   of § 36(a), which appears clear to the court, it is difficult to see how defendants could be

13   said to have violated the statute.  In any event, the FAC alleges no facts establishing any

14   such violation.

15        Similarly, as the court previously ruled in the June 8, 2010 order, Rule 38a-1 does

16   not provide either an express or implied private right of action.  Rule 38a-1 simply requires

17   that every registered investment company adopt and implement written policies and

18   procedures designed to prevent violations of the federal securities laws, including policies

19   and procedures that provide for oversight of compliance by each investment advisor,

20   principal underwriter, administrator, and transfer agent of the fund; that it obtain the

21   approval of the board's board of directors of the adequacy of those policies and

22   procedures; that it annually review the adequacy of those policies and procedures; and that

23   it designate an individual responsible for administering the policies and procedures, who

24   will issue an annual written report on the operation of the policies and procedures and on

25   any "material compliance matter" that arises in the interim.  See 17 C.F.R. § 270.38a-1.

26        Here, plaintiff has not plead facts sufficient to show any violation of Rule 38a-1.

27   Rule 38a-1 does not impose on funds a duty to assure that broker-dealers comply with

28   registration requirements, but rather simply requires funds to adopt and implement

1  compliance programs that are reasonably designed to prevent violation of the federal

2  securities laws.  As was true with the original complaint, plaintiff has failed to allege facts

3  showing that the fund or funds at issue failed to adopt and implement compliance programs

4  that are reasonably designed to prevent violations of federal securities laws by the fund(s).

5      In accordance with the foregoing, the court finds that defendants' motion to dismiss

6  the first cause of action under ICA § 47(b) claim must be GRANTED.  In view of plaintiff's

7  failure to cure the deficiencies of this claim through amendment, the dismissal is without

8  leave to amend.  Further, as there is no federal claim remaining in the case, the court

9  declines to exercise supplemental jurisdiction over the remaining state law claims, pursuant

10  to 28 U.S.C. § 1367(c)(3).  The second, third, and fourth causes of action are therefore

11  DISMISSED, without prejudice to refiling in state court.

12      The date for the hearing on the motion, previously set for October 27, 2010, is

13  hereby VACATED.

14

15  **IT IS SO ORDERED.**

16  Dated:  October 22, 2010

17                                                                          _____
                                                          PHYLLIS J. HAMILTON
18                                                        United States District Judge

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

5